# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. YOCOM,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL,<br><br>　　　　Respondent. | Case No. 1:20-cv-01141-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner was convicted after a jury trial in the Tulare County Superior Court of attempted murder, assault, criminal threats, resisting arrest, removal of firearm, and violation of restraining order. Petitioner was sentenced to an imprisonment term of forty years to life. (ECF No. 1 at 1–2).[1] Petitioner's criminal appeal is pending in the California Court of Appeal. (Id. at 3). Meanwhile on August 11, 2020, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1).

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court."). The Ninth Circuit has interpreted Younger to mean that "only in the most unusual circumstances[2] is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764–65 (9th Cir. 1972) (per curiam), overruled in part as recognized in Page v. King, 932 F.3d 898, 905 (9th Cir. 2019) ("Additionally, we issued Drury prior to the Supreme Court's decision in Gerstein, which, as noted, expressly held that Younger abstention was not appropriate where the petitioner claims that the state has not provided appropriate pretrial probable cause procedures. To the extent that Drury stands for the opposite proposition, it has been overruled.").

Petitioner asserts that this Court should review his claims because state remedies are exhausted and the claims are outside the scope of the direct appeals process. (ECF No. 1 at 5).

---

[2] "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971).

However, the Ninth Circuit has held that "[w]hen, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, *even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts*." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (emphasis added). The Sherwood court explained that "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." Id. (citations omitted). See also Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) ("Sherwood stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending.").

Here, Petitioner's direct appeal of his criminal conviction is pending in the California Court of Appeal, Fifth Appellate District. (ECF No. 1 at 3). As Petitioner has failed to demonstrate any "unusual circumstances, [the Court] decline[s] to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Edelbacher v. Calderon, 160 F.3d 582, 583 (9th Cir. 1998). As Petitioner has an ongoing criminal appeal in state court, the instant federal habeas petition is premature and should be dismissed.

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file

3

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 8, 2020**

UNITED STATES MAGISTRATE JUDGE