UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. YOCOM,<br><br>    Petitioner,<br><br>    v.<br><br>ATTORNEY GENERAL,<br><br>    Respondent. | No. 1:20-cv-01141-DAD-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING PETITION, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 8) |

    Petitioner Michael A. Yocom is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On September 8, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be dismissed because petitioner's direct appeal of his state court judgment of conviction is still pending before the state appellate court. (Doc. No. 8 at 2–3.) Accordingly, the magistrate judge recommended dismissing the petition without prejudice. (*Id.* at 3.) The pending findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within thirty (30) days of the service. (*Id.* at 3–4.) After seeking and receiving an extension of time to do so, petitioner timely filed objections to the pending findings and recommendations on October 23,

1

1  2020. (Doc. No. 12.) Petitioner also filed a "Declaration of Most Unusual Circumstances to
2  Entitle Him to Have Federal Interposition," on October 26, 2020. (Doc. No. 13.)

3        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
4  *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's
5  objections and declaration, the court concludes that the findings and recommendations are
6  supported by the record and by proper analysis.

7        In his objections, petitioner contends that his criminal appeal is no longer pending in the
8  California Court of Appeal as of October 7, 2020. (Doc. No. 12 at 1.) However, petitioner's
9  direct appeal remains pending because the Court of Appeal "remanded for the [trial] court to
10 consider whether to exercise its discretion to dismiss the five-year term imposed for the section
11 667, subdivision (a) prior serious felony enhancement," "strike the true findings and the terms
12 imposed for the section 667.5, subdivision (b) prior prison term enhancements, and recalculate
13 [petitioner]'s credits." *People v. Yocom*, No. F077786, 2020 WL 5939771, at *20 (Cal. Ct. App.
14 Oct. 7, 2020).[1] Moreover, petitioner appealed from the Court of Appeal's decision to the
15 California Supreme Court on November 9, 2020. *See* Petition for Review, *People v. Yocom*, No.
16 S265438 (Cal. Nov. 9, 2020),

> When, as in the present case, an appeal of a state criminal
> conviction is pending, a would-be habeas corpus petitioner must
> await the outcome of his appeal before his state remedies are
> exhausted, even where the issue to be challenged in the writ of
> habeas corpus has been finally settled in the state courts.

20 *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). Here, petitioner's direct appeal of his
21 state criminal conviction is still pending before the state appellate courts. Thus, petitioner's
22 objections do not meaningfully dispute the magistrate judge's finding that the pending petition
23 must be dismissed. The court will therefore dismiss the pending petition without prejudice to its
24 refiling after petitioner's direct appeal from his judgment of conviction has come to a conclusion.
25 /////

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted).

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right" 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, 28 U.S.C. § 2253(c)(3). Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

Accordingly,

1. The findings and recommendations issued September 8, 2020 (Doc. No. 8) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice to its refiling, if appropriate, after petitioner's direct appeal of his judgment of conviction before the state courts has concluded;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 19, 2020**

UNITED STATES DISTRICT JUDGE